**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Gregorio Calderon, individually and on behalf of All other employees similarly situated | ) ) ) |
| Plaintiff. | )Case No. 1:23-cv-1834 |
| v. | ) ) |
| Sonoco Products Company, | ) ) |
| Defendant. | ) |

**CLASS ACTION COMPLAINT UNDER THE FMLA**

Plaintiffs Gregorio Calderon, individually (referred to as "Class Representative" herein) and on behalf of all other employees similarly situated (collectively "Plaintiffs") bring this action against Defendant Sonoco Products Company ("Defendant"), and in support thereof, state:

**Introduction**

1. Plaintiffs bring this class action under the Family Medical Leave Act of 1993, title 29 USC § 2601, *et. seq.*, ("FMLA"), as amended. Plaintiffs seek damages for their retaliatory discharge, including but not limited to, lost back and front pay, liquidated damages, past and future, emotional distress and punitive damages and reasonable attorneys' fees and costs.

2. This is an action under the FMLA on behalf of current and former employees of Defendant who have been terminated, disciplined. and discriminated against in the exercise of their rights by the defendants in their policies, patterns and practices to interfere, restrain and/or deny the exercise or the attempt to exercise the plaintiffs' rights under the FMLA.

3. That within two years immediately prior to the date of the filing of this action, or three years for willful violations, Plaintiffs and other similarly situated employees of Defendant, and each of them, exercised their tights under the FMLA (29 U.S.C. 2601, et. seq.) and the Family Medical Leave Act Regulations (29 C.F.R. 825.100 et. seq.) by requesting and/or taking medical leave and family leave pursuant to the provisions of said Act and Regulations.

4. Defendant violated the FMLA (29 U.S.C. 2601, et. seq.) and the Family Medical Leave Act Regulations (29 C.F.R. 825.100 et. seq.) in one or more of the following ways:

    a. Defendant employed a system whereby Plaintiff and members of the proposed class were assessed "points" for work absences, including points that were assessed for sick leave that was or should have been covered by the FMLA. After Plaintiff and members of the proposed class accumulated a certain number of points (on information and belief, 8 or 9 points), their employ would be terminated, even if their absences and leave were the result of time that was or should have been covered by FMLA leave;

    b. Wrongfully and willfully terminating the employment of Plaintiffs with violations such as absenteeism, and attempted use of FMLA and alleged misuse of medical leave provided by FMLA, which occurred from regular use of intermittent medical leave provided by FMLA;

    c. Wrongfully and willfully charged Plaintiffs with violations such as absenteeism, and misuse of intermittent medical leave provided by FMLA, which occurred from regular use of intermittent medical leave provided by FMLA; and/or

    d. Wrongfully and willfully disciplined Plaintiffs who would seek to use their allowable FMLA leave; and/or

    e. Wrongfully and willfully retaliated against the plaintiffs and all other DEFENDANT employees similarly situated, and each of them. by taking adverse employment actions as are stated in the previous statements.

5. Plaintiffs had their entitlement to medical leave and/or family leave interfered with Defendant in violation of the FMLA.

6. As a direct and proximate result of one or more of the aforesaid acts, Plaintiffs were injured and have lost and will in the future lose other economic gains including lost wages, benefits, and out-of-pocket expenses. which they have acquired had Defendant not violated their rights under the FMLA.

7. As a proximate result of Defendant's violation of the FMLA and its Regulations, Plaintiffs were harmed by Defendant and now seek damages and equitable relief as set forth in this complaint.

**CLASS ALLEGATIONS**

8. Plaintiffs bring this cause pursuant to 29 U.S.C. §2617(a) (2) and F.R.C.P. 23 on their behalf and

on behalf of all persons, or their representatives, for a class of former and current employees of Defendant who have applied for, been denied, disciplined, terminated or otherwise had their rights under the FMLA interfered with or harassed for the exercise of rights under the FMLA.

9. This action is brought and may be properly maintained as a class action pursuant to F. R. C. P. 23.

10. The Class is so numerous that joinder of all members is impractical. Although the exact size of the Class is unknown, membership in the Class potentially numbers in the hundreds. Accordingly, the Class is sufficiently numerous that joinder of all members of the Class is impracticable.

11. There are numerous key questions of fact and law which are common to all members of the Class that predominate over any questions which effect only individual members of the class, including the following:

   a) Whether Defendant's policies, practices or customs related to its FMLA leave programs improperly and unlawfully assesses "points" and calculates the number of hours in the workweek or average workweek for purposes of determining the amount of eligible hours;

   b) Whether Defendant's employee disciplinary system violates the FMLA by interfering with Plaintiffs' legal right to FMLA leave;

   c) Whether Defendant maintained a policy for Plaintiffs that allowed for the assessment of disciplinary "points" when Plaintiffs used or attempted to use their FMLA time;

   d) Whether the Defendant's absenteeism policies forced Plaintiffs to use their sick, personal and/or vacation leave, as opposed to the use of Plaintiffs' FMLA leave;

   e) Whether the Defendant should be enjoined from the aforesaid conduct in violation of the aforementioned laws; and

   f) Whether the class members have suffered ascertainable losses.

12. Plaintiffs' claims are typical of the claims of the other members of the Class which they seek to represent.

13. Plaintiffs will fairly and adequately protect the interests of the members of the Class and

plaintiffs have no interests that arc adverse to the interests of the class.

14.     Plaintiffs have retained competent counsel who have substantial experience in the prosecution of employment and class action cases.

15.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Even if any Class members could afford individual litigation, it would be unduly burdensome to the individual courts. Individual litigation magnifies the delay and expense to all parties. By contrast, the Class Action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale and comprehensive supervision by a single Court. Concentrating this litigation in one forum would promote judicial economy and efficiency and promote parity among the claims of individual class members as well as judicial consistency. The conduct of this action as a Class Action conserves the resources of the parties and the Court system and protects the rights of each class member and meets all due process requirements as to fairness to the defendant.

16. Defendant has acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class and subclasses defined as follows:

        a.   <u>Discipline/ Termination under Absenteeism Policy</u>

            All current or former Defendant employees who, within the applicable limitations period. were terminated, disciplined or otherwise suffered adverse employment actions based upon discipline and/or termination under Defendant's absenteeism policy where the exercise of rights under the FMLA was interfered with or denied.

        b.   <u>Termination / Discipline: FMLA under False Pretenses/Subterfuge</u>

            All current or former Defendant employees, within the applicable limitations period, were terminated, disciplined or otherwise suffered adverse employment actions based upon charges or using FMLA under false pretenses or subterfuge.

    c.    Required Use of Sick, Personal and Vacation Time

All current or former Defendant employees, who within the applicable limitations period, were terminated, disciplined or otherwise suffered adverse employment actions under Defendant's absenteeism policy due to defendants' practice to require use of sick, personal and/or vacation leave concurrent with or instead of FMLA leave.

### Jurisdiction, Venue, and Parties

17. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1337, and/or 29 U.S.C. § 2917(a)(2).

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant operated its business in Elk Grove Village, Illinois, and Plaintiff worked for Defendant Elk Grove Village, Illinois.

19. Plaintiff is an individual who resides in Chicago. Plaintiff worked for Defendant in Elk Grove Village, Illinois, from January 2013 until August 2, 2022. 20. Defendant is a plastic bags manufacturer, formed and existing under the laws of the State of Illinois, and at all times material to this complaint, maintained and operated a business in Elk Grove Village, Illinois.

### Class Representative Facts

20. Defendant is a private for-profit business and private sector employer; at all times relevant, it has employed over 50 employees in 20 or more workweeks in the current or previous calendar year.

21. Defendant is engaged in commerce or an industry affecting commerce.

22. On or about August 2, 2022, the Class Representative was terminated by Defendant; and on this date he had been employed by the Defendant for at least one year and they had worked at least 1,250 hours during the previous 12-month period.

23. On July 15, 2022, the Class Representative requested family or medical leave from Defendant because he was sick.

24.  In or around Mid-July 2022, the Class Representative fell ill and called into work sick.  The Class Representative was not able to provide thirty days advance notice of his sick leave to Defendant because he suddenly fell ill, and he was only able to provide notice contemporaneous at the time he fell ill.

25.  The Class Representative provided notice of the need for his leave as soon as possible and practical by phone call to Defendant, and Plaintiff provided a doctor's note to Defendant evidencing his illness.

26. Defendant did not approve the Class Representative's request for leave under the FMLA without repercussion.  Rather, Defendant employed a system whereby "points" were assessed against The Class Representative and members of the proposed class.  For each day of sick leave absence as, an employee was assessed one point if they possessed a doctor's note, and 1.5 points if they returned to work without a doctor's note.  After accumulating a certain number of points, the employee would be terminated.  On information and belief, the termination number is 8 or 9 points.

27.  Defendant terminated the Class Representative's employment in retaliation for Plaintiff's request for FMLA leave on or about August 2, 2022 because he had accumulated too many points in violation of Defendant's points system; however, some or all of the points were assessed against Plaintiff in violation of the FMLA.

28.  Defendant violated Class Representative's rights under the FMLA because it terminated his  employment in retaliation for using sick leave that was or should have been covered by the FMLA.

29.  Defendant violated Class Representative's rights under the FMLA because it disciplined him in retaliation for requesting FMLA leave.

30.  Defendant knowingly, intentionally, and willfully violated the Defendant  violated  Class Representative's rights under the FMLA because it terminated his employment in retaliation for requesting FMLA leave.

31. The Class Representative has been damaged by Defendant's violation of the FMLA, including loss of backpay after their employment was terminated, and any front pay resulting from lost wages, compensation, or other benefits. Additionally, Class Representative is seeking liquidated damages totaling the all lost backpay, front pay, interest, and any other damages allowable under the FMLA because Defendant lacked a good faith belief to deny Plaintiff any FMLA leave.

### COUNT I – Violation of the FMLA – Class v. Defendant

### (Discipline/Termination under Absenteeism Policy)

32. Plaintiffs hereby reincorporate and reallege pars. 1-31 above as par. 32 herein.

33. Defendant violated the FMLA. 29 U.S.C. §§ 2601 *et seq.* and regulations because it is unlawful for an employer to discharge or in any other manner discriminate under 29 U.S.C. § 2615 (a)(1) and (a) (2).

34. Defendant violated the FMLA. 29 U.S.C. §§ 2601 *et seq.* and regulations because it is unlawful for an employer to discharge or in any other manner discriminate under 29 U.S.C. §26 I 5 (a)(l) and (a)(2).

34. Defendant's system of discipline, wherein it would assess "points" against employees in retaliation for the use of FMLA time contravenes the letter and spirit of the FMLA.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for the following relief against Defendant:

a. That this Court enter an order declaring that this is a proper class action and may be so maintained.

b. That this Court enter a judgment for the plaintiffs and each member of the similarly situated class on the issue of liability;

c. That this Court enjoin Defendant from engaging in like conduct in the future.

d. That this Court enter a judgment awarding Plaintiffs:

1. Monetary damages to compensate for all lost salary, benefits, and out-of-pocket expenses from the time of Defendant's improper conduct commenced to the time of the award, plus accrued interest thereon;

2. Monetary damages to compensate Plaintiffs for all future lost salary and benefits;

3. Liquidated damages equal to an amount awarded hereunder pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii)

and 29 C.F.R. §800.400(c);

4. Reasonable attorney's fees, expert witness fees and costs of litigation and costs of this suit.

e.  Additional amounts the Court and/or jury deem appropriate including injunctive and equitable relief

**Plaintiff(s) request trial by jury for all counts where allowed**

s/   James M. Dore

**Justicia Laboral LLC**
**James M. Dore (IL Bar # 6296265)**
**Daniel I. Schlade (ARDC No. 6273008)**
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-415-4898
E: jdore@justicialaboral.com; dschlade@justicialaboral.com

**PLAINTIFFS DEMAND TRIAL BY JURY FOR ALL COUUNTS SO SITUATED**